Jack Virgil **CAFFEY**, Petitioner,

v.

Harold R. **SWENSON**, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Civ. A. No. 17510–3.

United States District Court,
W. D. Missouri, W. D.

Aug. 22, 1969.

---

Jack Virgil Caffey, pro se.
No response filed by the State.

## ORDER DENYING PETITION FOR HABEAS CORPUS

BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions for a writ of federal habeas corpus to adjudicate as invalid his state convictions for burglary and stealing and requests leave to proceed in forma pauperis. Leave to proceed in forma pauperis has been granted.

Petitioner states that, after a plea of not guilty, he was convicted by a jury in the Circuit Court of Greene County of burglary and stealing; that he was subsequently sentenced by that court to consecutive sentences of four years' imprisonment for burglary and two years' imprisonment for stealing; that he appealed from the judgment of conviction and imposition of sentence; that the conviction and sentence were affirmed by the Missouri Supreme Court on appeal (State v. Caffey, Mo., 404 S.W.2d 171); that petitioner has previously raised the contention raised in this petition on a 27.26 motion in the state trial court; that the motion was overruled on October 23, 1967; that the overruling of the motion was affirmed by the Missouri Supreme Court on July 9, 1969; that petitioner has previously filed a petition for habeas corpus in this Court which was dismissed for failure to exhaust state remedies on September 22, 1967; and that petitioner was represented by counsel at his arraignment and plea, trial and sentencing and upon his appeal, as well as upon preparation, presentation and consideration of his post-conviction motions and petitions.

Petitioner states the following as grounds on which he bases his allegation that he is being held in custody unlawfully:

"(a) Petitioner was denied due process of law under the 14th Amendment to the U. S. Constitution and the right of confrontation of witnesses against him in violation of the Constitution of Missouri 1945, Article I, Section 18(a) and the Sixth Amendment to the U. S. Constitution."

Petitioner states the following as facts which support petitioner's contention that his conviction was secured in violation of his federally protected rights:

"(a) Detective Paul Jones of the Springfield Police Department was a witness to an out of court experiment in which an employee of a key service company unlocked and locked a door with two devices taken from the defendant at the time of his arrest.

"Detective Jones did testify concerning the procedures followed and the results obtained by the expert conducting the experiment. The person who actually performed the experiment was never identified and did not testify.

"This evidence which was the only evidence tending to connect the defendant with a forcible entry was admitted over the objection of defense counsel."

Respondent's response to the show cause order herein was timely filed on August 5, 1969. Attached thereto was the transcript of petitioner's 27.26 motion in the state trial court and the order of the Missouri Supreme Court affirming the denial by the trial court of petitioner's 27.26 motion, which shows that this contention was presented to the state courts and was determined on its merits after a hearing by the state trial court and full consideration by the Missouri Supreme Court. State remedies have therefore been exhausted within the meaning of Section 2254, Title 28, U.S.C.; see Fay v. Noia, 372 U.S. 391, 83 S. Ct. 822, 9 L.Ed.2d 837.

The transcript of petitioner's trial shows that Detective Jones testified that he saw an employee of the Jay Key and Gun Service use two objects, identified as Exhibits "A" and "B", which were taken from petitioner upon his arrest at the scene of the alleged burglary, and "unlock and lock" the lock on the north double doors of the Teamsters Building, of which petitioner was accused of burglarizing. It is petitioner's contention that, since Jones was not the person who performed the experiment, but only was an eyewitness to the experiment, his testimony is "hearsay expert testimony given by a non-expert, which has had the effect of denying the accused the right to confront and cross-examine the expert witness and to have the jury determine whether the expert's testimony is worthy of belief" and thus deprives him of his Sixth Amendment

rights under the rule of Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed. 2d 923, holding the right of confrontation in state criminal cases to be a federally guaranteed right. The Missouri Supreme Court held with regard to this contention that:

"Actually, all that Detective Jones testified to was what he observed with his own senses. That is, he said he saw this employee of the key service company insert these two hard-steel instruments in the lock on the double doors, move these instruments around, and thereby unlock and then lock the doors. Testimony as to what the detective observed with his own senses did not deprive defendant of his constitutional right of confrontation." 404 S.W.2d 171, l. c. 177.

The Missouri Supreme Court was correct in holding petitioner's contention to be without merit. Hearsay evidence, except in some circumstances, is generally inadmissible, and its admission in a criminal case may in some circumstances amount to a deprivation of the federally protected constitutional right to confront the witness against a defendant. Hearsay evidence is testimony or written evidence of an assertion made by a declarant not offered as a witness for cross-examination and offered in evidence to show the truth of the matters asserted therein. The credibility of the assertion thus depends on the credibility of the extra-judicial asserter. See McCormick on Evidence (1954 ed.), p. 460; 5 Wigmore, Evidence § 1361 (3d ed. 1940). In his traverse to respondent's response to the show cause order herein, petitioner, in substance, states that the prosecution "benefited from the implication that legitimate professional expertise was supplied by Jay Key and Gun Service" even though the jury was denied any close scrutiny of the qualifications of the key company employee because he was not produced as a witness by the prosecution. Petitioner concludes:

"There is no difference between the sworn testimony of detective Jones at

Tr. 107–112, Respondent's Exhibit A, and an affidavit from an employee of the Jay Key and Gun Service that he performed the operation and that the application of certain mechanical procedures induced a specific result. The similarity between the two examples is that neither Jones or the affidavit is subject to cross-examination as to the truth of the statement. We do not know that the 'expert' actually caused the door to be unlocked and locked by 'moving the tumblers' or by some other method known only to the expert."

The transcript of the testimony of Detective Jones, however, shows that he testified with respect to the manner in which he saw the key company employee unlock the doors with the metal devices: "I saw him take this one here, and insert it in the lock, and put this one on top of it and start moving the tumblers with this thin one, right here (indicating), this round one." Thus, it is the credibility of Detective Jones upon which the value of this assertion is grounded, not that of any out-of-court affiant or declarant not under oath and not subject to cross-examination. Further, the record shows that Detective Jones was under oath and that the opportunity for cross-examination of Detective Jones was accorded to petitioner. This opportunity was fully used by his counsel. Petitioner does not challenge the accuracy of the transcript of such testimony and in fact relies on it. Under these circumstances there was no violation of petitioner's federal right to confrontation of the witnesses against him.

Petitioner's contentions are therefore without merit. The admission of the testimony of Detective Jones in evidence was consistent with the federal standards enunciated in Pointer v. Texas, *supra*. It is therefore

Ordered that the petition herein for habeas corpus be, and the same is hereby, denied.